# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

JOSEPH ALEXANDER SLEDGE,

Plaintiff,

v.

ROBERT HARKLESS, et al.,

Defendants.

Case No. 3:25-cv-00099-SLG

JOSEPH ALEXANDER SLEDGE,

Plaintiff,

v.

CORRECTIONAL OFFICER
BUTTONS, et al.,

Defendants.

Case No. 3:25-cv-00100-SLG

JOSEPH ALEXANDER SLEDGE,

Plaintiff,

v.

ANCHORAGE POLICE
DEPARTMENT, et al.,

Defendants.

Case No. 3:25-cv-00131-SLG

## SECOND SCREENING ORDER

Pending before the Court are the three above-captioned cases filed by self-represented prisoner Joseph Alexander Sledge ("Plaintiff"). After finding that the cases have similar deficiencies and contain overlapping claims and related factual

allegations, the Court issued a combined Screening Order in October 2025 dismissing the Complaint in each case for failure to state a claim but according leave to amend.[1] Plaintiff has now filed amended complaints and multiple motions in each case.

## I.       Screening Review of Plaintiff's Claims

For the reasons explained in this order, Case No. 3:25-cv-00099-SLG ("Case 99") and Case No. 3:25-cv-00131-SLG ("Case 131") are DISMISSED without leave to amend.    All motions pending in those cases are accordingly DENIED as moot.

Plaintiff is accorded **60 days** from the date of this order to file an amended complaint **in Case No. 3:25-cv-00100-SLG ("Case 100") only** that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close Case 100.

### A.       Cases 99 and 131

In its previous Screening Order, the Court dismissed Plaintiff's claims challenging the validity of Plaintiff's convictions without leave to amend and explained that such claims must not be brought in an amended complaint in a Section 1983 damages action.[2]

---

[1] Case 99, Docket 6; Case 100, Docket 9; Case 131, Docket 6 ("Screening Order").

[2] Screening Order at 7-9.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 2 of 13

Case 3:25-cv-00131-SLG       Document 18       Filed 03/20/26       Page 2 of 13

However, in Case 99 and Case 131, Plaintiff again tries to collaterally attack his criminal proceedings. Specifically, in Case 99, Plaintiff's FAC again claims the FBI made false statements, committed perjury, and conducted an illegal search and seizure.[3] In Case 131, Plaintiff's FAC claims he was falsely accused of a crime, arrested on false charges, and is illegally imprisoned.[4] Plaintiff also filed another amended complaint in Case 131 claiming that the State of Alaska has committed malpractice and perjury, lacks evidence to prove the criminal charges against him, and is detaining him illegally.[5]

Perjury is a criminal offense that can only be initiated in court by a prosecutor.[6] A private citizen cannot maintain a perjury claim in a civil lawsuit.[7] Further, for the same reasons as explained in the Screening Order, Plaintiff's claims challenging his criminal proceedings in this case must be DISMISSED. A challenge to a state criminal proceeding may be brought through a petition for a writ of habeas corpus under 28 U.S.C. § 2254, but only after the petitioner has

---

[3] Case 99, Docket 8.

[4] Case 131, Docket 8.

[5] Case 131, Docket 14.

[6] *See* 18 U.S.C. § 1621.

[7] *Alexander v. Sandoval,* 532 U.S. 275, 286-87 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress[,]" and without a congressional intent to create a private remedy, "a cause of action does not exist and courts may not create one[.]"). *See also Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability").

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 3 of 13

exhausted all available remedies in the state courts. A challenge to federal criminal proceedings may only be brought after a conviction or sentence has been issued and then must be pursued through a motion under 28 U.S.C. § 2255 filed in the underlying federal criminal case. But challenges to criminal convictions cannot be brought in a civil rights action in federal court.

The Court finds that granting Plaintiff leave to again attempt to amend these claims would be futile.[8] Therefore, Case No. 99 and Case No. 131 must be DISMISSED without leave to amend. The Court will not count each dismissal as a strike against Plaintiff at this time. However, unless and until Plaintiff has demonstrated that a criminal conviction has been invalidated, he is barred from seeking monetary damages arising from it.[9] Further, because each of these cases is being dismissed, all motions filed in each of these cases are DENIED as moot.

### B.     Case 100

In Case 100, the FAC brings an excessive force claim against Correctional Officer ("CO") Buttons for allegedly spraying Plaintiff with pepper spray.[10] Plaintiff

---

[8] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations).

[9] *Washington v. Los Angeles Cnty. Sheriff's Dep't,* 833 F.3d at 1055 (holding "that a dismissal may constitute a PLRA strike for failure to state a claim when *Heck's* bar to relief is obvious from the face of the complaint and the entirety of the complaint is dismissed for a qualifying reason under the PLRA.").

[10] Case 100, Docket 11.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 4 of 13

also filed a handwritten document he titled "Informational" that states he wants to sue not only CO Buttons, but also the Department of Corrections ("DOC").[11] Plaintiff seeks to hold DOC liable for the violations allegedly committed against him by DOC and Buttons.

Plaintiff's amended complaint in Case 100 consists of one sentence and is barely legible. As with the initial complaint, the amended complaint "has not provided enough facts describing the who, when, where, and how each of the alleged incidents occurred."[12] Plaintiff does not include the date CO Buttons allegedly pepper sprayed him and the injuries he suffered as a result of that pepper spray. Nor does he explain why the use of the pepper spray was excessive. Therefore, the FAC in Case 100 is DISMISSED for failure to state a claim.

Plaintiff may file an amended complaint in Case 100 against Officer Buttons only to try to sufficiently plead facts to support a claim for a constitutional violation and resultant alleged injuries sustained in custody pursuant to the Eighth Amendment's Cruel and Unusual Punishment Clause.[13] However, as explained in the Screening Order, Plaintiff cannot bring Section 1983 claims against the DOC.[14]

---

[11] Case 100, Docket 21.

[12] *See* Screening Order at 7.

[13] Screening Order at 14-15.

[14] Case, Docket 9 at 10.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 5 of 13

Case 3:25-cv-00131-SLG    Document 18    Filed 03/20/26    Page 5 of 13

## II.      Plaintiff's motions in Case 100

Plaintiff has filed many motions in Case 100, which the Court addresses as follows:

### 1.  Motion to Sustain Evidence (Docket 12)

Plaintiff's motion to "sustain all evidence" is denied because it is premature. A plaintiff need not file exhibits or evidence to prove his case in an amended complaint.

### 2.  Motions for Court Appointed Counsel (Docket 13, Docket 19)

Plaintiff's motions for appointment of counsel must also be DENIED. There is no constitutional right to appointed counsel in a civil action.[15] A federal court "may request an attorney to represent any person unable to afford counsel."[16] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances, which Plaintiff has failed to establish here.[17]  Further, although 28 U.S.C. § 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.

---

[15] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[16] 28 U.S.C. § 1915(e)(1).

[17] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 6 of 13

Case 3:25-cv-00131-SLG      Document 18      Filed 03/20/26      Page 6 of 13

### 3. Motion for Extension of Time for Filings (Docket 14)

Plaintiff filed a motion for an extension of time for filing of motions. A generalized or "blanket" request for additional time, without identifying the relevant filing deadline or proposed new deadline, does not permit the Court to determine what relief is being requested or whether good cause exists to grant it. Therefore, this motion is DENIED. If Plaintiff needs additional time to file an amended complaint or another court filing in the future, he must file a motion for an extension of time that clearly identifies the relevant filing deadline, proposes a new deadline, and demonstrates good cause for the extension.

### 4. Motion to Protect Privacy (Docket 15)

Plaintiff has filed a motion seeking to "protect privacy" under Rule 5.2 of the Federal Rules of Civil Procedure. Rule 5.2 is limited to specific categories of personal identifying information—such as social-security numbers, taxpayer-identification numbers, birth dates, the names of minor children, and financial-account numbers—that must be redacted from filings. Plaintiff does not identify any such information contained in the record or explain what specific material requires protection under the rule. Additionally, Rule 5.2 establishes procedures for redacting personal identifiers in filed documents or, where appropriate, seeking to file materials under seal. Plaintiff's motion does not request permission to file a particular document in redacted form or under seal and does not follow the

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 7 of 13

Case 3:25-cv-00131-SLG     Document 18     Filed 03/20/26     Page 7 of 13

procedures contemplated by the rule. Therefore, the motion at Docket 15 is DENIED.

### 5. *Motion for Witness Testimony (Docket 16)*

Plaintiff's motion for witness testimony is premature and is accordingly DENIED. Witness testimony is unnecessary to state a viable claim for relief in an amended complaint.

### 6. *Motion to Continue (Docket 17)*

Plaintiff seeks to continue this case until he is sentenced in his federal criminal case. The Court finds that the fact that Plaintiff has not yet been sentenced in his federal case does not warrant an extension of time to file an amended complaint in Case 100. Therefore, the motion is DENIED.

### 7. *Application for Bail Review Hearing (Docket 20)*

A bail review hearing is not available in a civil case. Therefore, the application is DENIED.

### III. Filing an Amended Complaint in Case 100 only

Plaintiff is accorded leave to file an amended complaint only in Case 100. Plaintiff must only name CO Buttons; he must not name DOC as a Defendant. An amended complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 8 of 13

Case 3:25-cv-00131-SLG    Document 18    Filed 03/20/26    Page 8 of 13

An amended complaint replaces the prior complaint in its entirety. While the Court may consider documents attached to the complaint, all necessary information must be included within the body of the amended complaint itself. Although Plaintiff is being given an opportunity to file an amended complaint in Case 100 only, an amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits. If any such action proceeds, the Court will enter an order to collect $350 from Plaintiff's prisoner trust account for each such case, regardless of the outcome of the case.

An amended complaint must contain separately numbered, clearly identified allegations. **If handwritten, it must be legible**. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint.

If Plaintiff files an amended complaint in Case 100, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 9 of 13

Case 3:25-cv-00131-SLG     Document 18     Filed 03/20/26     Page 9 of 13

amended complaint on Defendant. Plaintiff must not attempt to serve a Defendant until the Court so orders.

### IV.    The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[18] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[19]

Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[20] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[21] It cannot be triggered solely by complaints of past injury or generalized fears of possible future

---

[18] 28 U.S.C. § 1915(g).

[19] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[20] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[21] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 10 of 13
Case 3:25-cv-00131-SLG    Document 18    Filed 03/20/26    Page 10 of 13

harm.[22]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Amended Complaint in each of the three above-captioned cases **is DISMISSED for failure to state a plausible claim.**

2. **Case No. 3:25-cv-00099-SLG and Case No. 3:25-cv-00131-SLG are DISMISSED without leave to amend. All pending motions in each of these cases are DENIED.**

3. **In Case 100 only,** Plaintiff is accorded **60 days from the date of this order** to file either:

    a. <u>Second Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form in Case 100 **within 60 days of the date**

---

[22] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 11 of 13

**of this order**, Case 100 shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

5.      If a case is dismissed for failure to state a claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[23]

6.      For the reasons set forth herein, **all pending motions** in Case 100 are **DENIED.**

7.      Plaintiff must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[24]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of Case 100.

8.      With this order, the Clerk is directed to send: (1) one copy of form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) one copy of the Notice of

---

[23] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

[24] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 12 of 13

Voluntary Dismissal form; (3) form PS23, Notice of Change of Address; and (4) one copy of the Screening Order entered at Docket 9.

DATED this 20th day of March, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00099-SLG, *Sledge v. Harkless, et al.*
Case No. 3:25-cv-00100-SLG, *Sledge v. Buttons, et al.*
Case No. 3:25-cv-00131-SLG, *Sledge v. Anchorage Police Department, et al.*
Second Screening Order
Page 13 of 13

Case 3:25-cv-00131-SLG    Document 18    Filed 03/20/26    Page 13 of 13